Garland, J.
delivered the opinion of the court.
The plaintiff alleges he employed the defendant to purchase for him a quantity of tobacco in bales, to be shipped to La Bacca. That he purchased one thousand bales, for which he charged him four dollars per hale, while he had only paid three dollars for it; that he charged four hundred dollars for commissions and expenses, and that the tobacco, on its arrival at the place of destination, was found to be entirely worthless.
he defendant admits he was employed as agent of the plaintiff, purchased the tobacco for him in good faith, and therefore not liable. He further admits, he did charge the plaintiff one dollar per bale more than he paid for it, but says it is the custom of agents in New Orleans to charge the market price for whatever they purchase, although they do not pay so much themselves. He says he got the tobacco at three dollars per bale by good management, and thinks he ought to have the benefit of it; but if the court should be of opinion that it is not correct, he is willing the extra dollar per bale should be disallowed.' He further avers, that although the tobacco was not of the best quality, it was good for the price. That the plaintiff refused to receive it, in consequence of expected hostilities between Mexico and Texas, which would prevent him from smuggling it into the territories of the former nation. He also sets up a demand in reconvention for freight, insurance, and other charges.
The case was submitted to a jury, who, after an' examination of a number of witnesses, found a verdict for the plaintiff for $3770, for which judgment was rendered, and defendant appealed.
The case is one of fact entirely. We think the evidence shows the tobacco was worthless, or nearly so. We also think, that an agent acting in the manner the defendant has, is not in good faith. We cannot give our assent to the alleged custom in this city, of agents charging their prin- [102] cipals more than they pay for articles purchased for them, and adjudge it unlawful and dishonest, although the agent may effect his bargains by good management.
The jury seem to have understood the case, and we see no good reason to disturb their verdict.
The plaintiff has pressed us to allow him ten per cent, damages for a frivolous appeal. If he had come before us as a fair merchant, we should have listened to Mm with more favor; but as it is not denied his object in purchasing the tobacco was to violate the revenue laws of another nation, we do not think he ought to be much favored.
The judgment of the commercial court is, therefore, affirmed, with costs.